O

# United States District Court
# Central District of California

| | |
|---|---|
| KEITH HUCKABY, individually and on behalf of all other persons similarly situated, and on behalf of the general public,<br><br>    Plaintiff,<br><br>  v.<br><br>CRST EXPEDITED, INC., et al.,<br><br>    Defendants. | Case № 2:21-cv-07766-ODW (PDx)<br><br>**ORDER DENYING MOTION TO REMAND [17]** |

## I. INTRODUCTION

Plaintiff Keith Huckaby moves to remand this putative class action wage-and-hour dispute to Los Angeles Superior Court. (Mot. Remand ("Motion" or "Mot."), ECF No. 17.) For the reasons discussed below, the Court **DENIES** the Motion.[1]

## II. BACKGROUND

On August 9, 2021, Huckaby initiated this putative class action in Los Angeles Superior Court against his former employer, CRST Expedited, Inc. and CRST International, Inc. (together, "CRST"). (Notice of Removal ("NOR") Ex. 1 ("Complaint" or "Compl."), ECF No. 1-1.). In the Complaint, Huckaby asserts causes

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

of action for: (1) failure to pay minimum wages; (2) failure to pay statutory/contractual wages; (3) failure to reimburse business expenses; (4) failure to provide itemized wage statements; (5) failure to pay timely wages; (6) failure to make proper disclosure in violation of the Fair Credit Reporting Act; (7) failure to obtain proper authorization in violation of the Fair Credit Reporting Act; (8) violation of California's Investigative Consumer Reporting Agencies Act; and (9) violation of California unfair competition laws. (*Id.* ¶¶ 33–34.). On September 29, 2021, CRST removed this action to federal court, asserting jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (NOR 3, ECF No. 1.) Huckaby now moves to remand on the ground that CRST's removal was untimely. (Mot. 12.)

### III. LEGAL STANDARD

When an initial pleading shows that a case is removable and the defendant removes the case to federal court, the defendant must do so within thirty days of the service or notice of the initial complaint. 28 U.S.C. § 1446(b). If the case stated by the initial pleading, however, is not removable, a notice of removal must be filed within thirty days after "receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Provided that neither of these thirty-day periods has been triggered, a defendant may remove at any time based on the results of its own investigations. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

### IV. DISCUSSION

The parties dispute whether CRST timely filed the NOR in federal court. (Mot. 12; Opp'n 6, ECF No. 20.) Huckaby seeks to remand on the ground that CRST filed the NOR forty-nine days after Huckaby served CRST with the Complaint, rendering the NOR untimely. (Mot. 12.)

The Court first considers whether the thirty-day removal period began when CRST was served with the Complaint. In the Ninth Circuit, "the first thirty-day

removal period comes into play only if removability is ascertainable from 'examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.'" *Carvalho*, 629 F.3d at 886 (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)). This rule requires "a defendant to apply a reasonable amount of intelligence in ascertaining removability," but not "make extrapolations or engage in guesswork." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)). Multiplying figures clearly stated in the complaint is not guesswork. *See Kuxhausen*, 707 F.3d at 1140.

This action was removed pursuant to CAFA, and therefore, the Court must determine whether the face of the Complaint meets CAFA removal requirements. CAFA grants federal courts original jurisdiction over class action cases that meet the following requirements: (1) the proposed class contains more than 100 members; (2) minimal diversity exists between the parties (i.e., at least one plaintiff and one defendant are from different states); and (3) the amount in controversy exceeds $5 million. 28 U.S.C. §§ 1332(d)(2), (5).

On the face of the Complaint, minimal diversity is met because the California plaintiff Class is minimally diverse from Iowa-based CRST. (NOR 3); *see Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019) (defining minimal diversity as existing when "any member of a class of plaintiffs is a citizen of a State different from any defendant" (quoting 28 U.S.C. § 1332(d)(2)(A))). The face of the Complaint also indicates there are "thousands of employees" in the purported Class, which meets the requirement that the purported Class has over 100 members. (Compl. ¶ 32); *see Tompkins v. Basic Research LL*, No. S–08–244 LKK (DAD), 2008 WL 1808316, at *3 (E.D. Cal. Apr. 22, 2008) (accepting, in context of motion to remand, plaintiff's allegation of a class of "thousands of persons" as sufficient to place defendant on notice of CAFA class size). However, it is unclear whether CAFA's $5 million jurisdictional requirement is ascertainable from the face of the Complaint.

In arguing that the Complaint's allegations place $5 million in controversy, Huckaby relies on the aggregated value of monetary relief arising from the fifth, sixth, and seventh causes of action. (Mot. 9–12.). The Court considers each cause of action in turn

**A.     Fifth Cause of Action: Failure to pay Timely Wages**

The Complaint defines the Class as "all current and former employees that had a residential address in California . . . and worked as a truck driver for CRST." (Compl. ¶ 29.) The Complaint also alleges a Class of "thousands," meaning at least 2,000 Class members. (*Id.* ¶ 32); *see Kearney v. Direct Buy Assocs., Inc.*, No. CV 14-04965 MMM (AJWx), 2014 WL 12588636, at *7 (C.D. Cal. Oct. 23, 2014) (noting that "thousands" means at least 2,000); *see also Kuxhausen*, 707 F.3d at 1140 (holding that "hundreds," by definition, means at least 200). The fifth cause of action requests premium wages damages for "plaintiff and former employees within the Class" for thirty days. (*Id.* ¶ 76.) Huckaby argues that multiplying the figures alleged in the Complaint results in a total of $5,280,000 in damages (2,000 Class members x $11/hour minimum wage x 8 hours/day x 30 days). (Reply 10, ECF No. 24.)

However, the fifth cause of action seeks damages for former employees only, whereas the Class is composed of current *and* former employees. Moreover, the Complaint lacks any indication of how many of the thousands of employees in the Class are current and how many are former. For example, given the allegations as written, there may be fifty former employees and 1,950 current employees, in which case the fifth cause of action would represent only $528,000 in damages. Without any allegations specifying the number of former employees, CRST would have to use subjective knowledge or guesswork to determine the exact number of former employees within the Class to complete these calculations. Because this information is not clearly ascertainable from the face of the Complaint, CRST cannot complete the calculations necessary to determine the amount in controversy. The fifth cause of

action therefore reveals little to nothing about the amount in controversy that would trigger or contribute to triggering the initial thirty-day removal clock.

### B. Sixth and Seventh Causes of Action: Failure to Make Proper Disclosures in Violation of Federal Credit Reporting Act

Huckaby further argues that his sixth and seventh causes of action place amounts in controversy that aggregate to over $5 million. (Mot. 11-13.) In the sixth and seventh causes of action, Huckaby seeks damages for the "Consumer Report Class," which is defined in the Complaint as all persons who applied for a job with CRST and "executed CRST's Disclosure and Authorization Forms." (Compl. ¶ 29.) In the Complaint, the Consumer Report Class and the Class have different definitions and therefore represent two distinct groups. (*Id.*) Thus, the Complaint's reference to "thousands of employees," pertains only to members of the Class and does not refer to members the Consumer Report Class. (*Id.* ¶ 32.) The Complaint does not include any other allegation specifying the number of members in the Consumer Report Class. Therefore, CRST would have to use guesswork or subjective knowledge to perform the calculations necessary to establish the amount the sixth and seventh causes of action place in controversy. Given that the number of individuals in the Consumer Report Class is not apparent from the face of the Complaint, the Court finds that removal was not ascertainable on the face of the Complaint. Thus, the sixth and seventh causes of action, like the fifth, reveal little to nothing about the amount in controversy that would trigger or contribute to triggering the initial thirty-day removal clock.

### C. Second Thirty-Day Period Triggered

The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives "a copy of an amended pleading, motion, order or other paper" from which removability may first be ascertained. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 855 (9th Cir. 2010). Given that removability was not ascertainable from the four corners of Huckaby's

Complaint, Huckaby has the burden to show that CRST received an amended pleading, complaint, or other paper more than thirty days prior to the date of removal, thereby triggering the second removal period. Huckaby does not put forth any such evidence. Without showing that CRST received any additional papers from which removability could be ascertained, Huckaby cannot show the second thirty-day removal period was triggered.

Huckaby fails to adequately show the triggering of either removal period in a way that would render CRST's NOR untimely. The Court therefore finds that Huckaby does not meet his burden of demonstrating that CRST failed to timely file the NOR.

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Huckaby's Motion to Remand. (ECF No. 17.)

**IT IS SO ORDERED.**

March 3, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**