**SHADIE L. BERENJI (SBN 235021)**
Email: berenji@employeejustice.law
**BERENJI LAW FIRM, APC**
8383 Wilshire Boulevard, Suite 708
Beverly Hills, California 90211
Telephone: (310) 855-3270
Facsimile: (310) 855-3751

Attorney for Plaintiff KEITH HUCKABY, individually, and on behalf of all other persons similarly situated and the general public

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KEITH HUCKABY, individually and on behalf of all other persons similarly situated, and on behalf of the general public

Plaintiff,

v.

CRST EXPEDITED, INC., an Iowa corporation; CRST INTERNATIONAL, INC., an Iowa corporation; and DOES 1 through 30, inclusive;

Defendants.

Case No. 2:21-cv-07766-ODW-PD
*Assigned to Hon. Otis D. Wright, II*

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES:**

1. Failure to Pay Minimum Wages;
2. Failure to Pay Statutory/Contractual Wages;
3. Failure to Reimburse Business Expenses;
4. Failure to Provide Itemized Wage Statements;
5. Failure to Timely Pay Wages;
6. Failure to Make Proper Disclosure In Violation of Fair Credit Reporting Act;
7. Failure to Obtain Proper Authorization In Violation of Fair Credit Reporting Act;
8. Violation of California's Investigative Consumer Reporting Agencies Act; and,
9. Violation of California Unfair Competition Laws.

**DEMAND FOR JURY TRIAL**

Plaintiff KEITH HUCKABY (collectively hereinafter "PLAINTIFF") bring this action against CRST EXPEDITED, INC. and CRST INTERNATIONAL, INC., and DOES 1 through 30, inclusive, (collectively "CRST" or "DEFENDANTS"), on behalf of himself and all others similarly situated and the general public, and allege upon information and belief, which is based upon the investigation of their counsel, except as to the allegations concerning PLAINTIFF or his counsel, which are made upon PLAINTIFF's personal knowledge, as follows:

## NATURE OF ACTION

1. This action is brought on behalf of PLAINTIFF and a class of current and former similarly-situated California-based employees employed by CRST as truck drivers to recover unpaid minimum wages, compensation for all hours worked, reimbursement of business expenses, restitution, as well as other statutory penalties and damages owed pursuant to California Labor Code sections 203, 221, 223, 226, 226.2, 1194, 1197, 2800 and 2802, California Business and Professions Code section 17200 et seq., and California Industrial Welfare Commission ("IWC") Wage Order 9-2001. This action is also brought on behalf of PLAINTIFF and all persons residing in California who applied for a job with DEFENDANTS in the State of California and who executed DEFENDANTS' standard "Disclosure and Authorization Forms" (the "Consumer Report Class") to recover actual damages, statutory damages, penalties and punitive damages

2. This lawsuit arises out of the following wrongful acts that occurred, are occurring, and will occur, at least in part, within four years preceding the

filing of this action and up to and through the time of trial of this matter. As a result of CRST's company-wide policies and practices, CRST engaged in the following unlawful conduct:

(a) CRST did not pay minimum wages to PLAINTIFF and similarly-situated truck drivers for all hours worked;

(b) CRST secretly paid a lower wage to PLAINTIFF and similarly-situated truck drivers than that provided for in their pay plan;

(c) CRST failed to reimburse PLAINTIFF and similarly-situated truck drivers for all expenses necessarily incurred in the course of performing their job duties;

(d) CRST failed to furnish PLAINTIFF and similarly-situated truck drivers with wage statements accurately showing their gross and net wages earned, total hours worked, total hours of nonproductive time, and all applicable hourly rates in effect and the corresponding number of hours worked at each rate;

(e) CRST failed to provide PLAINTIFF and similarly-situated truck drivers with timely payment of wages pursuant to California Labor Code sections 201 and 202; and,

(f) CRST failed to provide PLAINTIFF and similarly-situated applicants proper disclosures or authorizations prior to CRST performing background checks.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter because PLAINTIFF have alleged state law claims pursuant to California Labor Code sections 203,

221, 223, 226, 226.2, 1194, 1197, 2800 and 2802, California Business and Professions Code section 17200 et seq., and IWC Wage Order 9-2001. DEFENDANTS, at all times mentioned herein, were corporations, duly organized and existing under the laws of the State of California.

4. Venue is proper in this district because a substantial part of the events or omissions giving rise to the claims occurred in Los Angeles County. At all times mentioned herein, PLAINTIFF resided in Los Angeles County and CRST is subject to the Court's personal jurisdiction in that it has substantial contacts with and conducts business in California. A class is proper under California Business and Professions Code section 17200 because most, if not all, of the improper conduct emanated out of California.

## PARTIES

### The Representative Plaintiff

5. Plaintiff and proposed class representative, KEITH HUCKABY, is an individual and at all times relevant herein, resided in the State of California and in the county of Los Angeles.

6. At all relevant times herein, PLAINTIFF was employed by CRST as a truck driver and was assigned or associated with a terminal in California from approximately April 2019 to September 2020.

7. The primary obligations and responsibilities of PLAINTIFF as a truck driver included driving and dropping off freight for CRST. His work task included, but were not limited to: locating, inspecting, fueling and maintaining vehicles; hooking up and unhooking trailers; verifying loads; planning trips;

completing daily logs, shipping documents and other paperwork; using the onboard computer system; and, waiting for customers and dispatch.

8. PLAINTIFF was hired by CRST pursuant to written and implied contracts of employment, impliedly or explicitly, promising to pay in conformance with California wage and hour requirements. The texts of any written terms of contract are contained within CRST's records.

9. On information and belief, PLAINTIFF, and each member of the class he seeks to represent, was regularly subjected to, or had personal knowledge of, the violations described in this Class Action Complaint for Damages ("Complaint") and/or the allegations contained herein made on information and belief based upon investigation of counsel. Each member of the purported class was working for CRST and is therefore a witness to the allegations of this Complaint.

10. CRST employs thousands of truck drivers in the State of California. The obligations and responsibilities of these truck drivers are virtually identical. Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action.

**Defendants**

11. On information and belief, Defendant CRST Expedited, Inc. is a corporation formed under the laws of Iowa.

12. On information and belief, Defendant CRST International, Inc. is a corporation formed under the laws of Iowa.

13. On information and belief, Defendant CRST Expedited, Inc. is engaged in the ownership and operation of a truckload carrier company that

provides transportation services throughout California. On information and belief, CRST International, Inc. provides management and operational services to CRST Expedited, Inc.

14. On information and belief, Defendants CRST International, Inc. and CRST Expedited, Inc. are related and integrated business corporations. They share principal corporate offices, have common ownership, interrelated operations, and overlapping management, officers, and directors.

15. DEFENDANTS are "employers" of the class members working as truck drivers on behalf of CRST, as defined in the IWC Wage Orders, and caused or permitted the violations at issue in this Complaint.

16. CRST's violations as described in this Complaint were knowing, intentional, deliberate and willful.

17. PLAINTIFF is ignorant of the true names or capacities of the defendants sued herein under the fictitious name DOES 1 through 30, inclusive.

18. Each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant.

## GENERAL BACKGROUND

19. This is a class action pursuant to California Code of Civil Procedure section 382 to vindicate rights afforded to the class by the California Labor Code, California Business and Professions Code section 17200 *et seq.,* California Code of Civil Procedure, and the applicable IWC Wage Order. This action is brought

on behalf of PLAINTIFF and classes comprising of all current and former California-based truck drivers employed by DEFENDANTS.

20. The action seeks recovery for wages and penalties due and owing to PLAINTIFF and the class under California laws for the maximum period allowed to the present (the "Class Period"), as set forth below. For at least four years prior to the filing of this action and through to the present, CRST systematically maintained and enforced against its truck drivers, unlawful practices and policies, in violation of California wage and hour laws, including:

(a) failing to pay truck drivers, including PLAINTIFF, minimum wage for all hours worked, including time spent under the control of DEFENDANTS performing non-piece-rate work;

(b) secretly paying a lower wage to truck drivers, including PLAINTIFF, than that provided for in their pay plan;

(c) requiring truck drivers, including PLAINTIFF, to purchase and maintain their own tools (i.e. cell phones) needed to perform the required functions of the job and failing to pay at least double minimum wage for all time worked;

(d) requiring truck drivers, including PLAINTIFF, to bear the cost of fines and fees incurred as a result of expired truck and trailer permits, and safety and moving violations;

(e) failing to provide truck drivers, including PLAINTIFF, paid rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof;

(f) failing to provide employees, including PLAINTIFF, with accurate itemized wage statements because they did not include the number of piece-rate units earned, the applicable rate, the total hours worked, total hours of nonproductive time, and the accurate gross and net wages earned because they were not compensated for all hours worked and all compensation due; and,

(g) failing to provide truck drivers, including PLAINTIFF, with timely payment of wages pursuant to California Labor Code sections 201 and 202.

21. DEFENDANTS violated the California Labor Code and IWC Wage Order 9-2001 by failing to compensate PLAINTIFF and other truck drivers for all hours worked. Further, DEFENDANTS required PLAINTIFF and the class earning less than twice the California minimum wage to purchase their own tools needed to perform the required job functions. As such, by operation of law and implied into any employment contract, PLAINTIFF and the class must be paid in conformance with California labor laws and therefore be paid at least twice the minimum wage for all hours worked. As a result of DEFENDANTS' violations described herein, PLAINTIFF and the class have suffered injury in fact and have lost money or property.

22. California wage and hour laws, including California Labor Code sections 510 and 1194 and the applicable IWC Wage Order, legally require DEFENDANTS to pay PLAINTIFF and similarly-situated truck drivers minimum wage premiums. As a result of DEFENDANTS' failure to adequately compensate PLAINTIFF for all hours worked, DEFENDANTS must make restitution to PLAINTIFF and similarly-situated truck drivers for all back

minimum pay, plus interest and/or double the unpaid minimum pay. California Business and Professions Code section 17203 requires DEFENDANTS to compensate PLAINTIFF and similarly-situated truck drivers for the delay in receiving owed wages.

23. In addition to the wages owed, DEFENDANTS must make restitution to PLAINTIFF and similarly-situated truck drivers for the wages, plus interest. California Business and Professions Code section 17203 requires CRST to compensate PLAINTIFF and similarly-situated truck drivers for the delay in receiving owed wages.

24. California Labor Code section 226.2 and the applicable IWC Wage Order require DEFENDANTS to pay PLAINTIFF and similarly-situated truck drivers that were compensated on a piece-rate basis for rest and recovery periods and other non-driving time separate from any piece-rate compensation. PLAINTIFF and similarly-situated truck drivers should have been compensated for rest and recovery periods at a regular hourly rate that is no less than the higher of: (i) an average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest and recovery periods and any premium compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods; (ii) the applicable minimum wage. For each rest period that PLAINTIFF and similarly-situated truck drivers were not paid the higher of the foregoing, they are owed an wages in the amount of ten minutes of pay.

25. Further, DEFENDANTS violated California Labor Code sections 226 and 226.2 and have made it difficult to account with precision for the

unlawfully withheld wages due to PLAINTIFF and similarly-situated truck drivers by failing to provide itemized wage statements that show all hours worked, the number of piece-rate units earned, all nonproductive hours, the applicable rates in effect and the corresponding number of hours worked at each rate and correct wages for PLAINTIFF and similarly-situated truck drivers. Pursuant to California Labor Code section 226, subdivision (e), CRST is liable for civil penalties.

26. On information and belief, DEFENDANTS was on notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. CRST's violations alleged above, during all relevant times herein, were willful and deliberate.

27. Unless this case proceeds as a class action, DEFENDANTS will likely continue its illegal labor law violations with impunity. PLAINTIFF and the class are therefore entitled to class-wide remedy, including injunctive relief, monetary damages, and all statutory penalties, plus interest, attorneys' fees and all other costs associated with CRST's misconduct.

## CLASS ACTION ALLEGATIONS

28. This action is maintainable as a class action pursuant to California Code of Civil Procedure section 382 as to claims for unpaid minimum wages, unpaid wages for all hours worked, unpaid rest periods, failure to reimburse business expenses, itemized wage statement violations, failure to provide proper consumer and investigative report disclosures and authorizations, and attorneys' fees and costs under the California Labor Code, Civil Code, and Business and Professions Code. PLAINTIFF brings this action on behalf of himself and all

others similarly situated because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

29. PLAINTIFF seeks to represent the following classes:

(a) All current and former employees that had a residential address in California and/or was assigned or associated with a terminal in California, and worked as a truck driver for CRST ("CA Truck Drivers") within four (4) years of the date of commencement of this action, through the date of final disposition of this action ("the Class"); and,

(b) All persons residing in California who applied for a job with DEFENDANTS in the State of California and who executed DEFENDANTS' standard "Disclosure and Authorization Forms" within five (5) years of the date of commencement of this action through final disposition of this action (the "Consumer Report Class").

30. PLAINTIFF also seeks to represent the following subclasses:

(a) All current and former CA Truck Drivers who were not paid for all hours worked, and at hourly wage rates below the minimum wage rate;

(b) All current and former CA Truck Drivers who were required to purchase and maintain their own tools (i.e. cell phone) and were not paid an hourly wage rate of at least double the minimum wage rate;

(c) All current and former CA Truck Drivers who were required to bear the cost of fines or fees incurred as a result of expired truck or trailer permits and/or safety and moving violations;

(d) All current and former CA Truck Drivers who have been denied compensation for rest period violations under California Labor Code section 226.2 and the applicable IWC Wage Order;

(e) All CA Truck Drivers who were not provided with accurate wage statements;

(f) All CA Truck Drivers who were not provided with final wages at the time of separation of employment; and,

(g) All persons residing in California who applied for a job with DEFENDANTS in the State of California within five (5) years of the date of commencement of this action through final disposition of this action and who were required to submit to a background check and did not receive a proper statutory disclosure and authorization prior to the background check ("Consumer Report Subclass").

Excluded from the Class are CRST's officers, subsidiaries, affiliates, and any entity which CRST has a controlling interest.

31. PLAINTIFF reserves the right under California Rules of Court, rule 3.765, subdivision (b), to amend or modify the class description with greater specificity, or further division into subclasses, or limitation to particular issues.

**Numerosity of Class**

32. The employees in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, PLAINTIFF believes that thousands of employees would fall within the putative Class. The exact number is easily ascertained from CRST's own employment records, which are presently within the control of DEFENDANTS. Furthermore, upon application by PLAINTIFF' counsel for certification of the Class, the Court may be requested to also incorporate sub-Classes in the interest of justice and judicial economy.

**Existence and Predominance of Common Questions of Fact and Law**

33. Common questions of law and fact exist as to the Class members that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a) Whether CRST violated the California Labor Code and IWC Wage Order as a result of the allegations described in this Complaint;

(b) Whether CRST violated the California Labor Code and IWC Wage Order by failing to compensate PLAINTIFF and the Class for all hours worked and at hourly wage rates below the minimum wage rate;

(c) Whether CRST violated the California Labor Code and IWC Wage Order by secretly paying a lower wage to the Class;

(d) Whether CRST violated the California Labor Code and IWC Wage Order by failing to compensate PLAINTIFF and the Class that were required to purchase their own tools (i.e. cell phone) needed to perform the required functions of the job at an hourly wage rate at least double the minimum wage rate;

(e) Whether CRST violated the California Labor Code and IWC Wage Order by failing to reimburse PLAINTIFF and the Class for providing their own tools (i.e. cell phone) needed to perform the required functions of the job;

(f) Whether CRST violated the California Labor Code and IWC Wage Order by failing to reimburse PLAINTIFF and the Class for fines and fees incurred as a result of expired truck or trailer permits and/or safety and moving violations;

(g) Whether CRST violated the California Labor Code and IWC Wage Order by failing to provide paid rest periods to PLAINTIFF and the Class for every four hours or major fraction thereof worked;

(h) Whether CRST violated the California Labor Code and IWC Wage Order by failing to pay all earned wages due and/or premium wages due and owing at the separation of employment of any member of the Class, including PLAINTIFF;

(i) Whether CRST violated the California Labor Code and IWC Wage Order by failing to, among other things, maintain accurate records of PLAINTIFF's and the Class's earned wages, itemize all wages earned, total

hours worked, total nonproductive hours, all applicable hourly rates in effect and the corresponding number of hours worked at each rate;

(j) Whether CRST failed to provide PLAINTIFF and other Consumer Report Class members with standalone written disclosures before obtaining a consumer report in compliance with statutory mandates;

(k) Whether CRST failed to comply with the requirement that consumer report disclosures be clear and conspicuous;

(l) Whether CRST violated the FCRA and/or ICRAA by the actions alleged herein;

(m) Whether CRST violated section 17200 et seq. of the California Business and Professions Code by the violations of California law;

(n) Whether PLAINTIFF and the Class are entitled to damages, restitution, wages, statutory penalties, premium wages, injunctive and declaratory relief, attorneys' fees, interest, and costs, and other relief pursuant to California Labor Code, the IWC Wage Order, and California Business and Professions Code sections 17200 et seq.; and,

(o) The nature and extent of class-wide injuries and the measure of damages, restitution and disgorgement for the injuries.

34. There are no individualized factual or legal issues for the Court to resolve that would prevent this case from proceeding as a class action.

**Typicality**

35. The claims of PLAINTIFF are typical of the claims of the Class they seek to represent. PLAINTIFF and the Class sustained injuries and damages arising out of and caused by CRST's common course of conduct in violation of California laws. PLAINTIFF and the Class work, or have worked, for CRST as

truck drivers. The primary responsibility and obligations of PLAINTIFF and the Class is and were to drive and drop off freight; locate, inspect, fuel and maintain vehicles; hook up and unhook trailers; verify loads; plan trips; complete daily logs, ship documents and other paperwork; use the onboard computer system; and, wait for customers and dispatch. PLAINTIFF and the Class have the same rights to be paid for all hours worked based upon wage and hour laws. PLAINTIFF and the Class have not been credited or compensated for all their work performed for the benefit of CRST. PLAINTIFF and the Class have suffered damages, including lost minimum wages, unpaid rest breaks, and were paid secretly reduced compensation, resulting from CRST's wrongful conduct. In addition, PLAINTIFF and the Class are entitled to equitable relief, as permitted by law, because CRST's violations of state statutes have harmed the Class and constitute an unfair business practice, especially when compared to those competitors who comply with wage and hour laws.

**Adequacy**

36. PLAINTIFF will fairly and adequately represent and protect the interests of the Class. PLAINTIFF has retained counsel competent and experienced in complex class actions, and labor and employment litigation.

**Superiority**

37. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The class members have been damaged and are entitled to recovery as a result of CRST's common and uniform unlawful policies, practices and procedures. Although the relative damages suffered by individual class members are not de minimis, such damages are small compared

to the expense and burden of individual prosecution of this litigation. An individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant to recover such damages. Even if the individual class members could afford to prosecute their claims separately, such individual prosecutions would constitute a waste of the judicial resources. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about CRST's practices.

## CAUSES OF ACTION

38. With the exception of the sixth, seventh and eighth cause of action, all causes of action described herein are brought on behalf of PLAINTIFF, both individually and the Class, against CRST EXPEDITED, INC. and CRST INTERNATIONAL INC. and DOES 1 through 30, inclusive.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGE

## (Violation of California Labor Code §§ 1194, 1197 and 226.2 and IWC Wage Order 9-2001 § 4)

39. PLAINTIFF re-allege and incorporate by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

40. At all times relevant herein, CRST was required to compensate PLAINTIFF and the Class for all hours worked up to eight (8) in a day and forty (40) in a week, at no less than the applicable minimum wage rate.

41. CRST failed to pay PLAINTIFF and the Class minimum wage "for all hours worked." In particular, CRST only paid PLAINTIFF and the Class a

piece-rate for each mile driven to complete a freight delivery and a piece-rate for loading and unloading the freight ("Driving Piece-Rate Tasks"). PLAINTIFF and the Class were not paid for time spent regularly performing non-Driving Piece-Rate Tasks, including but not limited to the following: conducting pre-trip and post-trip inspections of the truck, trailer, and equipment; filling out freight transportation paper work/inspection reports; waiting on customers and dispatch; and, truck fueling between various legs of their routes. PLAINTIFF and the Class did not earn a piece-rate or minimum wages while they performed the foregoing tasks. As required by law, PLAINTIFF and the Class were entitled to separate hourly compensation for time spent performing tasks directed by CRST during their work shifts for which they could not earn a piece-rate.

42. California Labor Code section 1197, entitled "Pay of Lower Wage Than Minimum Wage" states:

> "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

43. The applicable minimum wages fixed by the commission is found in the IWC California Minimum Wage Order and states that every employer with twenty-six (26) or more employees shall pay to each employee wages *not less* than the following minimum wage for all hours worked: eleven dollars ($11.00) per hour, effective January 1, 2018; twelve dollars ($12.00) per hour, effective January 1, 2019; and, thirteen dollars ($13.00) per hour, effective January 1, 2020; and, fourteen dollars ($14.00) per hour, effective January 1, 2021.

44. The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code section 1194, subdivision (a), which states:

> "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

45. As described in California Labor Code sections 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California IWC.

46. California Labor Code section 1194.2 also provides for the following remedies:

> "In any action under Section … 1194 … to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

47. CRST had the ability to pay minimum wages to PLAINTIFF and the Class for all hours worked and have willfully refused to pay such wages with the

intent to secure for CRST a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud PLAINTIFF and the Class. PLAINTIFF and the Class have suffered and continue to suffer substantial losses related to the use and enjoyment of such compensation and lost interest on such wages.

48. At all relevant times, California Labor Code section 226.2 requires employers to pay employees compensated on a piece-rate basis for rest and recovery periods and other non-driving time separate from any piece-rate compensation. Employees shall be compensated for rest and recovery periods at a regular hourly rate that is no less than the higher of: (i) an average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest and recovery periods and any premium compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods; (ii) the applicable minimum wage.

49. As a result of Defendants' piece-rate compensation system, Plaintiff and the Class were not compensated at least minimum wage for rest periods and other non-driving time separate from any piece-rate compensation. As set forth above, Plaintiff and the Class were not paid separate hourly wages for statutory rest breaks and nonproductive time. In failing to pay Plaintiff and the Class for this time, Defendants operated in bad faith given the issuance of *Bluford v. Safeway Stores, Inc.* (2013) 216 Cal. App. 4th 864, 872-73 and cases cited therein.

50. WHEREFORE, PLAINTIFF and the Class are entitled to recover the unpaid minimum wages, liquidated damages in an amount equal to the minimum

wages unlawfully unpaid, interest thereon, and reasonable attorneys' fees and costs of suit pursuant to California Labor Code section 1194, subdivision (a).

## SECOND CAUSE OF ACTION

## FAILURE TO PAY STATUTORY/CONTRACTUAL WAGE

## (Violation of California Labor Code §§ 221 and 223 and IWC Wage Order 9-2001 § 4)

51. PLAINTIFF re-allege and incorporate by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

52. California Labor Code sections 221 and 223 require CRST to pay PLAINTIFF and the Class all hours worked at either the statutory or agreed rate and prohibit CRST from using any part of the agreed rate as a credit against its minimum wage obligations.

53. Pursuant to IWC Wage Order 9-2001 section 2, subdivision (g), "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not require to do so.

54. CRST failed to properly compensate PLAINTIFF and the Class for all hours worked, as required by California law. PLAINTIFF and the Class only earned compensation on Driving Piece-Rate Tasks. However, PLAINTIFF and the Class were required to perform tasks for which they could not earn a piece rate. PLAINTIFF and the Class were not paid for time spent regularly performing non-Driving Piece-Rate Tasks, including but not limited to the following: conducting pre-trip and post-trip inspections of the truck, trailer, and equipment; filling out freight transportation paper work/inspection reports;

waiting on customers and dispatch; and, truck fueling between various legs of their routes. Further, CRST's Driving Piece Rate only compensated PLAINTIFF and the Class for "estimated" miles rather than miles actually driven, which often resulted in compensation for fewer miles than PLAINTIFF and the Class actually drove. CRST's compensation scheme failed to compensate PLAINTIFF and the Class for all hours worked because it did not pay for the time spent under the control of CRST while performing mandatory tasks during which they did not earn piece-rate compensation and it did not pay for all miles actually driven.

55. In violation of California Labor Code sections 221 and 223, CRST did not pay PLAINTIFF and the Class for all hours worked; rather, CRST secretly paid PLAINTIFF and the Class a lower wage than agreed to because they failed to separately compensate PLAINTIFF and the Class for all hours worked during which PLAINTIFF and the Class could not earn piece-rate compensation and were required to remain at work and/or perform non- Driving Piece-Rate Tasks.

56. CRST knowingly and intentionally failed to compensate PLAINTIFF and the Class for all wages earned and all hours worked. As a result of CRST's failure to pay PLAINTIFF and the Class for all hours worked at their statutory or agreed rate, PLAINTIFF and the Class have suffered and continue to suffer substantial losses related to the use and enjoyment of such compensation and lost interest on such monies.

57. WHEREFORE, PLAINTIFF and the Class are entitled to recover the unpaid wages, interest thereon, and reasonable attorneys' fees and costs of suit pursuant to California Labor Code sections 218.5 and 218.6.

## THIRD CAUSE OF ACTION

## FAILURE TO REIMBURSE BUSINESS EXPENSES

## (Violation of California Labor Code § 2802)

58. PLAINTIFF re-allege and incorporate by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

59. California Labor Code section 2802 requires CRST to indemnify its employees for all expenses that the employees necessarily expend as a direct result of discharge of their employment duties or at the direction of the employer.

60. PLAINTIFF and the Class were, and still are, required to furnish their own cell phones and voice and data plan. These expenses are, and were, necessarily incurred by PLAINTIFF and the Class in the discharge of their duties. CRST required PLAINTIFF and the Class to provide their own cell phone and voice and data plan to communicate with customers and CRST's employees. CRST also required PLAINTIFF and the Class to pay fines and fees related to expired truck and trailer permits, and safety and moving violations. Such business expenditures incurred were incurred in direct consequence of Plaintiff's and the Class' duties pursuant to California Labor Code section 2802.

61. During the class period, CRST had a policy and practice of not reimbursing PLAINTIFF and the Class for the expense of their cell phones and voice and data plan and/or for fees and fines incurred as a result of expired truck and trailer permits, and safety and moving violations.

62. As a proximate result of CRST's conduct, PLAINTIFF and the Class have suffered monetary loss and been deprived of their property in the form of unreimbursed expenses in an amount according to proof.

63. WHEREFORE, PLAINTIFF and the Class are entitled to recover the costs of the business expenses and attorneys' fees, costs and interest pursuant to California Labor Code sections 218.5, 218.6, 2802, subdivision (c), for pursuit of this action.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS**

**(Violation of California Labor Code §§ 226 & 226.2)**

64. PLAINTIFF re-allege and incorporate by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

65. California Labor Code section 226, subdivision (a), states:

> "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the IWC, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all

deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer …, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee … The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California."

66. California Labor Code section 226.2, subdivision (a)(2)(B), states:

"(a) For employees compensated on a piece-rate basis during a pay period, the following shall apply for that pay period:

> …
>
> (2) The itemized statement required by subdivision (a) of Section 226 shall, in addition to the other items specified in that subdivision, separately state the following, to which the provisions of Section 226 shall also be applicable:
>
> …
>
> (B) Except for employers paying compensation for other nonproductive time in accordance with paragraph (7), the total hours of other nonproductive time, as determined under paragraph (5), the rate of compensation, and the gross wages paid for that time during the pay period."

67. CRST knowingly and intentionally failed to furnish itemized statements that accurately reflected: gross wages earned; the net wages earned; total hours worked; total hours of nonproductive time, the rate of compensation, and the gross wages paid for that time; all applicable hourly rates in effect during the pay period; and/or, the corresponding number of hours worked at each hourly rate by the employee, as required by California Labor Code section 226, subdivision (a).

68. By failing to furnish accurate itemized statements as required by California Labor Code section 226, CRST has injured PLAINTIFF and the Class. CRST's failure to provide accurate and complete information could not have promptly and easily been determined from the wage statement alone and thus

PLAINTIFF and the Class have suffered injury pursuant to California Labor Code 226, subdivision (e)(2)(B). CRST's misrepresentations and inaccuracies have deprived PLAINTFF and the Class of information they are entitled to and making it difficult to calculate the unpaid wages due because it did not accurately list the total hours worked, the gross and net wages earned, the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate number.

69. As a result, CRST is liable to PLAINTIFF and the Class for actual damages and attorneys' fees, costs and interest pursuant to California Labor Code section 226, subdivision (e)(1).

**<u>FIFTH CAUSE OF ACTION</u>**

**FAILURE TO TIMELY PAY WAGES**

**(Violation of California Labor Code §§ 201, 202, 203)**

70. PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

71. California Labor Code section 201, subdivision (a) provides, in pertinent part:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

72. California Labor Code section 202, subdivision (a), provides, in pertinent part:

> If an employee not having a written contract for a definite period quits his or her employment, his or her

> wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72- hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

73. CRST willfully failed to timely pay PLAINTIFF and the former employees within the Class all of their wages due for work performed and this failure continued through the time in which PLAINTIFF and many members of the Class quit or were discharged from their employment with CRST. As a result, CRST violated California Labor Code section 201 and/or 202.

74. California Labor Code section 203 states:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is

> commenced; but the wages shall not continue for more than 30 days… Suit may be filed for these penalties at any time before the expiration of the statute of limitations on any action for the wages from which the penalties arose.

75. As noted above, CRST violated California Labor Code sections 201 and/or 202 by failing to pay the class members who quit or were involuntarily terminated, all of the wages due pursuant to the timelines provided in those sections. CRST willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental.

76. PLAINTIFF and the Class he seeks to represent are entitled to compensation for all forms of wages earned, including, but not limited to, compensation for all hours worked, wages for unpaid rest periods, and other claims described in this Complaint. But, to date, PLAINTIFF and the Class have not received such compensation, therefore entitling them to penalties under California Labor Code section 203.

77. More than thirty (30) days have passed since PLAINTIFF and many affected members of the Class have left CRST's employ, and on information and belief, have not received payment pursuant to California Labor Code sections 201, 202 and/or 203. As a consequence of CRST's willful conduct in not paying all earned wages, PLAINTIFF and the former employees within the Class are entitled to thirty (30) days wages as a premium wage or penalty under California Labor Code section 203.

78. WHEREFORE, PLAINTIFF and the Class he seeks to represent are entitled to California Labor Code section 203 penalties in an amount to be determined at trial and attorneys' fees, costs and interest pursuant to California Labor Code section 218.5.

**<u>SIXTH CAUSE OF ACTION</u>**

**FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA [15 U.S.C. § 1681b(b)(2)(A)(i), *et seq.*]**

**(PLAINTIFF, individually and on behalf of the Consumer Report Class, against CRST EXPEDITED, INC., CRST INTERNATIONAL, INC., and DOES 1 through 30, inclusive)**

79. PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

80. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or causes to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and,
>
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).

81. DEFENDANTS' standard FCRA disclosure form, titled "Disclosure and Authorization Forms," is unlawful on two separate grounds.

82. First, DEFENDANTS' standard FCRA disclosure form violates the "standalone" disclosure requirement in 15 U.S.C. § 1681b(b)(2)(A)(i) (i.e., the

FCRA disclosure must be "in a document that consists solely of the disclosure") by, including but not limited to, combining federal and state disclosures and referring to documents that are not part of the FCRA-mandated disclosure (e.g., "Additional State Law Notices, New York Correction Law, Summary of Your Rights Under New Jersey's Fair Credit Reporting Act"), among including other extraneous and irrelevant information. *Gilberg v. California Check Cashing Stores, LLC.* (2019) 913 F.3d 1169, 1175-1176 ("*Gilberg*").

83. Second, DEFENDANTS' FCRA disclosure violates the "clear and conspicuous disclosure" requirement in 15 U.S.C. § 1681b(b)(2)(A)(i). The FCRA disclosure is unclear, as it would "confuse a reasonable reader because it combines federal and state disclosures." *Gilberg,* 913 F.3d at 1176.

84. The violations of the FCRA were willful based on the clear statutory text, case law guidance, and regulatory guidance. The statutory text of the standalone requirement is straightforward. The word "solely" in subsection (i) and the one express exception in subsection (ii) of 15 U.S.C. § 1681b(b)(2)(A), which allows the authorization to be on the same document as the disclosure, shows that "the FCRA should not be read to have implied exceptions[.]" *Gilberg,* 913 F.3d at 1175 (citing to *Syed v. M-I, LLC* (2017) 853 F.3d 492, 501-03 (*"Syed*")).

85. DEFENDANTS also had specific case law to provide guidance. *See Gilberg,* 913 F.3d at 1175 (*"Syed's* holding and statutory analysis were not limited to liability waivers; *Syed* considered the standalone requirement with regard to any surplusage*"*) citing to *Syed,* 853 F.3d at 501.

86. Lastly, informal guidance from the FTC is unambiguous that no extraneous information should be included in the FCRA disclosure. *See* FTC, Opinion Letter, 1997 WL 33791227, at *1 (Oct. 21, 1997) ("[The] document should include nothing more than the disclosure and the authorization for obtaining a consumer report."); FTC, Opinion Letter, 1998 WL 34323748, at *2

(Feb. 11, 1998) (disclosure may describe the "nature of the consumer reports" it covers, but otherwise should "not be encumbered with extraneous information"); FTC, Opinion Letter, 1998 WL 34323756, at *1 (June 12, 1998) (inclusion of a waiver in a disclosure form violates Section 1681b(b)(2)(A)).

87. In addition, DEFENDANTS' violation of the "clear and conspicuous disclosure" requirement was willful. DEFENDANTS knew that its standard disclosure form must be clear and not contain extraneous information that would confuse a reasonable person about the nature of his rights under the FCRA, such as state disclosures.

88. PLAINTIFF and all other members of the Consumer Report Class are entitled to statutory damages of not less than One Hundred Dollars ($100) and not more than One Thousand Dollars ($1,000) for every willful violation of the FCRA, pursuant to 15 U.S.C. § 1681 n(a)(1)(A).

89. PLAINTIFF and all other members of the Consumer Report Class are also entitled to punitive damages for these willful violations, pursuant to 15 U.S.C. § 1681 n(a)(2).

90. PLAINTIFF and all other members of the Consumer Report Class are further entitled to recover their costs and attorney fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## SEVENTH CAUSE OF ACTION

## FAILURE TO OBTAIN PROPER AUTHORIZATION IN VIOLATION OF THE FCRA [15 U.S.C. § 1681b(b)(2)(A)(ii), *et seq.*]

**(PLAINTIFF, individually and on behalf of the Consumer Report Class, against CRST EXPEDITED, INC., CRST INTERNATIONAL, INC., and DOES 1 through 30, inclusive)**

91. PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

92. Since DEFENDANTS' standard FCRA disclosure form, titled "Disclosure and Authorization Forms," contains extraneous information, such as additional state law notices, their standard FCRA disclosure form does not consist "solely" of the disclosure, nor is it "clear and conspicuous" as required by 15 U.S.C. § 1681b(b)(2)(A)(i). Additionally, DEFENDANTS' FCRA disclosure form improperly required PLAINTIFF and the members of the Consumer Report Class to "certify the information I provided on and in connection with this form is true, accurate, and complete" in the "Authorization of Background Investigation" portion of the FCRA disclosure form.

93. Accordingly, PLAINTIFF was confused regarding the nature of his rights under the FCRA and did not give valid authorization for DEFENDANTS to procure a consumer report in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii).

94. Nevertheless, DEFENDANTS procured a consumer report or caused a consumer report to be procured for employment purposes on PLAINTIFF and the Consumer Report Class in violation of 15 U.S.C. § 1681b(b)(2)(A).

95. This violation of the FCRA is willful. 15 U.S.C. § 1681n. DEFENDANTS knew that their standard FCRA form must be standalone and must be clear and conspicuous. In addition, DEFENDANTS knew that proper authorization is not possible without a legally compliant disclosure.

96. PLAINTIFF and all other members of the Consumer Report Class are entitled to statutory damages of not less than One Hundred Dollars ($100) and not more than One Thousand Dollars ($1,000) for every willful violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

97. PLAINTIFF and all other members of the Consumer Report Class are also entitled to punitive damages for these willful violations, pursuant to 15 U.S.C. § 1681n(a)(2).

98. PLAINTIFF and all other members of the Consumer Report Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**EIGTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA'S INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT**

**[Violation of California Civil Code § 1786, *et al.*]**

**(PLAINTIFF, individually and on behalf of the Consumer Report Class, against CRST EXPEDITED, INC., CRST INTERNATIONAL, INC., and DOES 1 through 30, inclusive)**

99. PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

100. CRST EXPEDITED, INC., CRST INTERNATIONAL, INC., and DOES 1 through 30, each, is a "person" as defined by California Civil Code section 1786.2, subdivision (n) of the Investigative Consumer Reporting Agencies Act ("ICRAA").

101. PLAINTIFF and the Consumer Report Class members are "consumers" within the meaning of California Civil Code section 1786.2, subdivision (b) of the ICRAA, because they are "individuals."

102. California Civil Code section 1786.2 subdivision (c) of the ICRAA defines an "investigative consumer report" as: a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means.

103. Thus, DEFENDANTS' background checks qualify as an investigative consumer report under the ICRAA

104. California Civil Code section 1786.16, subdivision (a)(2) of the ICRAA provides, in relevant part:

> If, at any time. an investigative consumer report is sought for employment purposes… the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:
>
> …
>
> (B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:
>
> (i) An investigative consumer report may be obtained.
>
> …
>
> (C) The consumer has authorized in writing the procurement of the report.

105. As described above, PLAINTIFF alleges that in evaluating him and other Consumer Report Class members for employment or during employment, DEFENDANTS procured or caused to be prepared investigative consumer reports (e.g., background checks), as defined by California Civil Code section 1786.2, subdivision (c).

106. Further, as described above, the purported disclosures and authorizations provided by DEFENDANTS to PLAINTIFF and the Consumer Report Class are laden with extraneous information, and are not clear and unambiguous disclosures in standalone documents. Thus, they do not meet the requirements under the law.

107. Under the ICRAA, it is unlawful to procure or caused to be procured, an investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has

authorized, in writing, the procurement of the report. Cal. Civ. Code § 1786.16, subd. (a)(2)(B)-(C). The inclusion of extraneous information violates California Civil Code section 1786.16, subdivision (a)(2)(B).

108. The plain language of the statute clearly indicates that the inclusion of this extraneous information in a disclosure form violates the disclosure and authorization requirements of the ICRAA, because such a form would not consist "solely" of the disclosure.

109. By including the extraneous information, DEFENDANTS willfully violated California Civil Code section 1786.16(a)(2)(B) of the ICRAA. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "'clear and conspicuous" and thus violates California Civil Code section 1786.16(a)(2)(B).

110. Upon information and belief, PLAINTIFF alleges that DEFENDANTS have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring background checks, as described above. Pursuant to that policy and practice, DEFENDANTS violated California Civil Code section 1786.16(a)(2)(B) of the ICRAA, as described above.

111. DEFENDANTS' conduct in violation of California Civil Code section 1786.16(a)(2)(B) of the ICRAA were and are willful and/or grossly negligent. DEFENDANTS acted in deliberate or reckless disregard of its obligations and the rights of applicants and employees, including PLAINTIFF and the Consumer Report Class members.

112. As a result of DEFENDANTS' illegal procurement of background reports by way of its inadequate disclosures, as set forth above, PLAINTIFF and the Consumer Report Class members have been deprived of their consumer rights and prevented from making informed decisions about whether to permit DEFENDANTS to obtain their personal information, and PLAINTIFF and

Consumer Report Class members have been injured, including, but not limited to, having his privacy and statutory rights invaded in violation of the ICRAA.

113. PLAINTIFF, on behalf of himself and all Consumer Report Class members, seeks all available remedies pursuant to California Civil Code section 1786.50, including statutory damages and/or actual damages, punitive damages, and attorney fees and costs.

## NINTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW

## (Violation of Business & Professions Code §§ 17200 et seq.)

114. PLAINTIFF re-allege and incorporate by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

115. CRST engaged in unlawful activity prohibited by California Business and Professions Code section 17200 et seq. The actions of CRST as alleged within this Complaint constitute unlawful and unfair business practices with the meaning of California Business and Professions Code sections 17200 et seq.

116. As described above, CRST has conducted the following unlawful activities:

(a) violation of California Labor Code sections 1197, 1194 and IWC Wage Order 9-2001 by failing to pay at least the minimum wage for all hours worked by PLAINTIFF and the Class and for rest periods;

(b) violation of California Labor Code section 1182.11 and IWC Wage Order 9-2001 by failing to pay minimum wages to PLAINTIFF and the Class;

(c) violation of California Labor Code sections 221 and 223 by secretly paying a lower wage to PLAINTIFF and the Class while purporting to pay the wage designated by statute or by contract;

(d) violation of California Labor Code section 2802 by failing to reimburse PLAINTIFF and the Class for all expenses reasonably incurred in the course of performing their job duties;

(e) violation of California Labor Code sections 226 and 226.2 by failing to provide PLAINTIFF and the Class with accurate wage statements;

(f) violation of California Labor Code section 226.2 by failing to provide PLAINTIFF and the Class with paid rest periods;

(g) violation of California Labor Code sections 201 and 202 by failing to pay all wages earned and unpaid at the time certain members of the Class were separated from their employment with CRST; and,

(h) violation of California Labor Code sections 204 and 206 by failing to pay, without condition and within the time set by the applicable article, all wages, or parts thereof, conceded by CRST to be due to PLAINTIFF and the Class.

117. CRST's activities also constitute unfair practices in violation of California Business and Professions Code section 17200 et seq., because CRST's practices violate the above-noted laws, and/or violate an established public policy

and/or the practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to PLAINTIFF and the Class.

118. As a result of CRST's violations of the California Labor Code, PLAINTIFF has suffered injury-in-fact and have lost money or property as a result of CRST's practices. This injury-in-fact and loss of money or property consists of the lost wages and other restitutionary remedies provided by the California Labor Code as detailed in this Complaint and other resulting harms. A tally of these damages cannot readily be determined as the employment records are held exclusively or nearly exclusively in CRST's control. PLAINTIFF are entitled to restitution, declaratory and other equitable relief against such unlawful practices to prevent future damage for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. PLAINTIFF is also seeking in the alternative, by this class action, restitutionary disgorgement of such monies into a fluid recovery fund.

119. As a result of their unlawful acts, CRST has reaped and continues to reap unfair benefits and unlawful profits at the expense of PLAINTIFF and the Class. CRST should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to PLAINTIFF and the Class the wrongfully withheld wages pursuant to Business and Professions Code section 17203. PLAINTIFF is informed and believe, and thereon allege, that CRST is unjustly enriched through their failure to pay legal wages, and/or other remedies. PLAINTIFF are informed and believe, and thereon allege, that PLAINTIFF and the Class are prejudiced by CRST's unfair trade practices.

120. As a direct and proximate result of the unfair business practices of CRST, and each of them, PLAINTIFF, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from PLAINTIFF and the Class as a result of the business acts and practices described herein and enjoining CRST to cease and desist from engaging in the practices described herein for the maximum time permitted pursuant to Business and Professions Code section 17208, including any tolling.

121. The unlawful and unfair conduct alleged herein is continuing, and there is no indication that CRST will refrain from such activity in the future. PLAINTIFF believes and allege that if CRST is not enjoined from the conduct set forth in this Complaint, they will continue to violate California labor laws.

122. WHEREFORE, PLAINTIFF and the Class he seeks to represent requests relief as described herein and below.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, on behalf of himself and the Class he seeks to represent in this Complaint, requests the following relief:

1. That the Court determine this action be maintained as a class action under California Code of Civil Procedure section 382 with the named plaintiff appointed as class representative;

2. For the attorney appearing on the above-caption to be named class counsel;

3. For a declaratory judgment that CRST has violated the minimum wage provisions of California Labor Code section 1194 and Industrial Welfare Commission Wage Orders as to the PLAINTIFF and the Class;

4. For a declaratory judgment that CRST has violated California Labor Code sections 226.2 and Industrial Welfare Commission Wage Orders by failing to pay for nonproductive time;

5. For a declaratory judgment that CRST has violated California Labor Code sections 221 and 223 by failing to pay PLAINTIFF and the Class for all hours worked at the statutory or contractual agreed rate;

6. For a declaratory judgment that CRST has violated California Labor Code section 2802 by failing to reimburse PLAINTIFF and the Class for all necessary business expenses incurred;

7. For a declaratory judgment that CRST has violated California Labor Code section 226 by failing to timely furnish PLAINTIFF and the Class with itemized statements accurately showing the gross and net wages earned, the total hours worked, the total hours of nonproductive time, and/or all applicable hourly rates in

effect during the pay period and the corresponding number of hours worked at each hourly rate;

8. For a declaratory judgment that CRST has violated California Labor Code sections 201, 202 and 203 for its willful failure to pay all compensation owed at the time of separation of employment of PLAINTIFF and the Class;

9. For a declaratory judgment that CRST's violations have been willful and that the Court award to PLAINTIFF and the Class damages for the amount of unpaid compensation, including interest thereon, and damages for failure to furnish accurate itemized wage statements and penalties subject to proof at trial;

10. For a declaratory judgment that CRST has violated California Business and Professions Code section 17200 by failing to pay the Class members minimum compensation, by failing to afford paid rest periods, by failing to reimburse business expenses and by failing to timely pay PLAINTIFF and the Class;

11. That CRST be ordered and enjoined to pay restitution to PLAINTIFF and the Class due to CRST's unlawful, unfair and/or fraudulent activities pursuant to California Business and Professions Code sections 17200-17205;

12. That CRST further be enjoined to cease and desist from all unlawful, unfair or fraudulent activities in violation of California Business and Professions Code section 17200, pursuant to section 17203;

13. That PLAINTIFF and the Class be awarded reasonable attorneys' fees and costs pursuant to California Labor Code sections 1194, 218.5, and 226, California Code of Civil Procedure section 1021.5 and/or other applicable law;

14. That PLAINTIFF and the Consumer Report Class members be awarded reasonable attorneys' fees and costs pursuant to pursuant to 15 U.S.C. § 1681n(a)(3), Civil Code sections 1786.50 and 1785.31, and/or other applicable law;

15. For an award of statutory damages to PLAINTIFF and the Consumer Report Class members pursuant to 15 U.S.C. § 1681n(a)(1)(A);

16. For an award of actual and/or statutory damages to PLAINTIFF and the Consumer Report Class members pursuant to the ICRAA;

17. For an award of punitive damages to PLAINTIFF and the Consumer Report Class members pursuant to 15 U.S.C. § 1681n(a)(2) and the ICRAA;

18. For premium pay, wages, and penalties;

19. That the Court award both prejudgment and post-judgment interest;

20. For costs of suit herein incurred;

21. For all other relief provided by the California Labor Code and California Business and Professions Code; and,

22. That the Court award such other and further relief as the Court may deem appropriate.

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands trial of his and the Class claims by jury to the extent authorized by law.

DATE: February 22, 2022 **BERENJI LAW FIRM, APC**

By: /s/ *Shadie L. Berenji*

SHADIE L. BERENJI
Attorney for Plaintiff, KEITH HUCKABY individually, and on behalf of all other persons similarly situated and the general public