O

# United States District Court
# Central District of California

| | |
|---|---|
| KEITH HUCKABY,<br><br>             Plaintiff,<br><br>      v.<br><br>CRST EXPEDITED, INC., et al.,<br><br>             Defendants. | Case № 2:21-CV-07766-ODW (PDx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION [61]** |

## I.      INTRODUCTION

Defendant CRST Expedited, Inc. ("CRST") moves for reconsideration of the Court's order granting in part and denying in part Plaintiff Keith Huckaby's Motion to Certify Class.  (Mot. Recons. ("Mot." or "Motion"), ECF No. 61-1; *see also* Notice Errata, ECF No. 62 (correcting hearing date for Mot.).)  CRST brings the Motion pursuant to Federal Rules of Civil Procedure ("Rule" or "Rules") 23(c)(1)(C) and 60(b) and California Central District Civil Local Rule ("Local Rule") 7-18.  The Motion is fully briefed.  (Opp'n, ECF No. 66; Reply, ECF No. 67.)  For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** CRST's Motion for Reconsideration.[1]  (ECF No. 61.)

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.     BACKGROUND

On October 3, 2022, the Court issued an order granting in part and denying in part Huckaby's Motion to Certify Class.  (Order Re: Mot. Certify Class ("Order"), ECF No. 60.)   The Court certified an "Amended Piece-Rate Class," defined as follows:

> All current and former employees that had a residential address in California and performed work as a truck driver for CRST ("CA Truck Driver") who were compensated by a piece-rate from August 9, 2017, through the date of final disposition of this action, excluding the participants in the settlement in *Montoya v. CRST Expedited, Inc.,* Case No. 16-cv-10095-PBS (D. Mass.).

(*Id.* at 18.)  The Court certified this class as to Huckaby's first cause of action for failure to pay minimum wages, second cause of action for failure to pay statutory/contractual wages, and ninth cause of action for violation of California's Unfair Competition Law.  (*Id.*)  The Court denied certification as to all other classes and issues.  (*Id.*)

The Court found certification appropriate in part because Huckaby established that the class is sufficiently cohesive to warrant adjudication by representation, satisfying the predominance requirement under Rule 23(b)(3).  (*Id.* at 9–12.)  In doing so, the Court rejected CRST's argument that "individualized questions regarding 'when, for how long, and even *if* drivers spent time performing non-driving tasks' would predominate."  (*Id.* at 11.)  The Court reasoned that "[t]he questions of when and for how long each driver performed these tasks are damages questions, and the Ninth Circuit has repeatedly held that 'the need for individual damages calculations does not, alone, defeat class certification' where the defendant's actions caused the class members' injury."  (*Id.* (citing *Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1154–55 (9th Cir. 2016) (collecting cases)).)

CRST now moves for reconsideration of the Court's Order on two issues.  (*See generally* Mot.)  First, CRST contends that the Amended Piece-Rate Class cannot

satisfy predominance following a recent decision issued by the Ninth Circuit after the close of briefing on Huckaby's motion for class certification, *Bowerman v. Field Asset Servs., Inc.*, 39 F.4th 652 (9th Cir. 2022). (*Id.* at 1.) Second, CRST requests that if the Court finds Huckaby satisfies predominance, the Court modify the class definition to only run through the date of the Court's certification order, rather than the final date of disposition. (*Id.*)

### III. LEGAL STANDARD

Rule 23(c)(1)(C) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment." Thus, "[e]ven after the Court has certified a class, the Court retains the flexibility to address problems as they arise and may modify the certification order or even decertify the class." *Franco-Gonzalez v. Napolitano*, No. 2:10-cv-02211-DMG (DTBx), 2012 WL 10688876, at *1 (C.D. Cal. Aug. 27, 2012).

Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding." The Rule provides several bases for seeking this relief, including: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence"; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a satisfied judgment; and "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Motions for relief pursuant to Rule 60(b) "are addressed to the sound discretion of the district court," *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004), but "the Rule is used sparingly . . . to prevent manifest injustice," *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (internal quotation marks omitted).

Pursuant to Local Rule 7-18, the grounds on which a party may move for reconsideration are limited to: (a) "a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered;" (b) "the emergence of new material facts or a change of law occurring after

the Order was entered;" or (c) "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered."

## IV.        DISCUSSION

First, CRST's Motion for Reconsideration is untimely. A motion under Rule 60(b) must be made within a reasonable time. Fed. R. Civ. P. 60(c). CRST relies on the *Bowerman* decision as grounds for the Motion, but the Ninth Circuit issued that decision on July 5, 2022, about three months before the Court issued the Order on Huckaby's motion for class certification. Local Rule 7-18 permits parties to move for reconsideration only where there is a material difference in fact or law that could not have been known to the party moving for reconsideration "at the time the Order was entered." *See* C.D. Cal. L.R. 7-18(a). Although CRST could have known about this decision prior to the Court's issuance of the Order, CRST did not file a notice of supplemental authority. Indeed, CRST did not move for reconsideration until October 17, 2022, yet offers no reason for its months-long delay in seeking relief. Absent any reasonable explanation, the Court finds the delay unreasonable. *See* Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time . . . .").

Nonetheless, the Court finds it appropriate to consider CRST's Motion pursuant to Rule 23(c)(1)(C), which allows for the alteration or amendment of an order granting class certification before final judgment. *See* Fed. R. Civ. P. 23(c)(1)(C).

Huckaby moves for reconsideration of the Court's Order on the bases that the Amended Piece-Rate Class (1) cannot satisfy predominance, and (2) should run through the date of the Court's certification order, not the date of final disposition. (*See generally* Mot.)

**A.      Predominance**

First, CRST moves for reconsideration on the basis that the Amended Piece-Rate Class cannot satisfy predominance pursuant to the Ninth Circuit's recent opinion in *Bowerman v. Field Asset Servs., Inc.*, 39 F.4th 652 (9th Cir. 2022). (*Id.* at 3–6.)

However, the opinion on which CRST relies was amended and superseded in February 2023, after CRST filed its motion. *See Bowerman v. Field Asset Servs., Inc.*, 60 F.4th 459 (9th Cir. 2023). The amendments in the superseding opinion undermine CRST's argument and clarify that *Bowerman* does not reflect a material change in law.

The thrust of CRST's Motion for Reconsideration is that the Ninth Circuit in *Bowerman* clarified that a proposed class cannot satisfy predominance if individualized damages calculations would prove "excessively difficult." (Mot. 3–6.) However, in the superseding decision, the Ninth Circuit removed the language on which CRST relies concerning the excessive difficulty of damages calculations. *See Bowerman*, 60 F.4th at 468–71. In addition, the Ninth Circuit reaffirmed that "the presence of individualized damages cannot, by itself, defeat class certification." *See id.* at 469. The Ninth Circuit explained, "a district court is not precluded from certifying a class even if plaintiffs may have to prove individualized damages at trial," because such a conclusion would be "implicitly based on the determination that such individualized issues do not predominate over common ones." *Id.* (quoting *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 (9th Cir. 2022) (en banc)). The Court relied on these now-reaffirmed principles in its initial Order.

Additionally, although the Ninth Circuit again concluded that individualized questions predominated over common ones in the superseding *Bowerman* opinion, the court did so by focusing on the particular circumstances at issue there. *See Bowerman*, 60 F.4th at 468–71. Those circumstances are not at issue here. For example, the Ninth Circuit explained that the *Bowerman* plaintiffs "withdrew their expert after the district court 'raised questions about the reliability of his data and opinions concerning an aggregate damages model.'" *Id.* at 469. "Lacking any sort of representative evidence, the class members [in *Bowerman*] were left relying on individual testimony to establish the existence of an injury and the amount of

damages." *Id.* Even so, the Ninth Circuit concluded that "[s]uch an approach would not necessarily have doomed class certification—so long as common questions continued to predominate." *Id.* However, the damages phase of *Bowerman* became "far messier than promised by plaintiffs' counsel when the case was certified," resulting in a series of mini-trials concerning the work history and credibility of each individual class member. *Id.* at 469–70 (internal quotation marks omitted).

Here, and unlike the circumstances presented in *Bowerman*, Huckaby proposes relying on representative evidence and CRST's corporate records, timekeeping, and pay data to prove damages on a classwide basis. (*See* Opp'n 6.) Huckaby further contends that his experts can calculate certain damages by reviewing CRST's electronic records. (*Id.*) Moreover, Huckaby does "not need to present a fully formed damages model 'when discovery [is] not yet complete and pertinent records may [be] still within [CRST's] control." *Owino v. CoreCivic, Inc.*, 60 F.4th 437, 447 (9th Cir. 2022). Rather, Huckaby "must show that damages are capable of measurement on a classwide basis, in the sense that the whole class suffered damages traceable to the same injurious course of conduct underlying [Huckaby's] legal theory." *Id.* (internal quotation marks omitted). Huckaby satisfies this standard because, as the Court found in its previous Order, he alleges that "any damages stem from CRST's uniform compensation practices." (Order 11.) Based on this record, the Court again finds that common issues predominate over individual issues.

Accordingly, the Court **DENIES** CRST's Motion for Reconsideration on this basis.

B.  **End Date for Class Membership**

Second, CRST moves for reconsideration on the basis that membership in the Amended Piece-Rate Class should not extend "through the date of final disposition of this action." (Mot. 6–7.) CRST argues that allowing membership to extend through the date of final disposition would be unmanageable and raise serious due process concerns because individuals who are not formal parties to the case must be provided

notice and an opportunity to opt out. (*Id.* at 6.) Instead, CRST requests that the Court modify the definition of the Amended Piece-Rate Class to extend to the date the Court entered its class certification order—October 3, 2022. (*Id.* at 7.)

In response, Huckaby argues that (1) this argument is improper because CRST did not oppose Huckaby's proposed class definition in its briefing in opposition to Huckaby's Motion to Certify Class, and (2) the class should be certified through the date of final disposition of this action. (Opp'n 7–10.)

The Court finds that CRST could have made this argument in opposition to Huckaby's Motion to Certify Class, but it did not. Thus, CRST's request does not meet the requirements of Local Rule 7-18. *See* C.D. Cal. L.R. 7-18. Nonetheless, Rule 23(c)(1)(C) allows for the alteration or amendment of an order granting class certification before final judgment, and the Court exercises its discretion to consider CRST's argument on this basis. *See* Fed. R. Civ. P. 23(c)(1)(C).

Rule 23(c) provides that for a class certified under Rule 23(b)(3), like the class here, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c). Moreover, "[i]n the context of a class action predominantly for money damages . . . [the] absence of notice and opt out violates due process." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 363 (2011). Thus, courts often "reject[] open-ended class periods, at least where notice and opt-out under Rule 23(b)(3) applies." *Melgar v. CSk Auto, Inc.*, No. 13-CV-03769-EMC, 2015 WL 9303977, at *7 (N.D. Cal. Dec. 22, 2015), *aff'd*, 681 F. App'x 605 (9th Cir. 2017). Further, as CRST points out, setting an appropriate class period now will help ensure that the parties have an opportunity to conduct discovery relating to the class members' claims. (Mot. 7.)

In light of these considerations, the Court finds it appropriate to amend the definition of the Amended Piece-Rate Class such that its membership ends prior to the final disposition of this case, allowing the parties to provide class members with

adequate notice and an opportunity to opt-out. As such, the Court finds that class membership shall be defined by the period from August 9, 2017, through the date of this order amending the class definition—April 10, 2023.

Accordingly, the Court **GRANTS** CRST's Motion for Reconsideration on this basis and **AMENDS** the definition of the Amended Piece-Rate Class as follows:

> All current and former employees that had a residential address in California and performed work as a truck driver for CRST ("CA Truck Driver") who were compensated by a piece-rate from August 9, 2017, through the date of the Court's April 10, 2023 order amending this class definition, excluding the participants in the settlement in *Montoya v. CRST Expedited, Inc.*, Case No. 16-cv-10095-PBS (D. Mass.).

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART AND DENIES IN PART** CRST's Motion for Reconsideration. (ECF No. 61.) The Court **AMENDS** the definition of the Amended Piece-Rate Class as follows:

> All current and former employees that had a residential address in California and performed work as a truck driver for CRST ("CA Truck Driver") who were compensated by a piece-rate from August 9, 2017, through the date of the Court's April 10, 2023 order amending this class definition, excluding the participants in the settlement in *Montoya v. CRST Expedited, Inc.*, Case No. 16-cv-10095-PBS (D. Mass.).

**IT IS SO ORDERED.**

April 10, 2023

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**