Shadie L. Berenji (SBN 235021)
**Berenji Law Firm, APC**
707 Wilshire Blvd., Suite 4375
Los Angeles, California 90017
Phone: 310-855-3270
Fax: 310-855-3751
berenji@employeejustice.law

Joshua G. Konecky (SBN 182897)
**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Phone: 415-421-7100
Fax: 415-421-7105
jkonecky@schneiderwallace.com

*Class Counsel*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEITH HUCKABY, individually and on behalf of all other persons similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>CRST EXPEDITED, INC., an Iowa corporation; CRST INTERNATIONAL, INC., an Iowa corporation; and DOES 1 through 30, inclusive,<br><br>Defendants. | Case No. 2:21-cv-07766-ODW-PD<br>*Assigned to Hon. Otis D. Wright, II*<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR APPROVAL OF SERVICE AWARD TO CLASS REPRESENTATIVE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date:** November 16, 2026<br>**Time:** 1:30 p.m.<br>**Location:**<br>First Street U.S. Courthouse<br>350 W. 1st Street, Courtroom 5D, 8th Floor, Los Angeles, CA 90012<br><br>Complaint Filed: August 9, 2021 |

# NOTICE OF MOTION AND MOTION

**TO ALL CLASS MEMBERS, PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on **November 16, 2026, at 1:30 p.m.**, or as soon thereafter as this matter may be heard before the Honorable Otis D. Wright, II, District Judge in Courtroom 5D of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California, 90012, Plaintiff and Class Representative Keith Huckaby will move and hereby does move this Court for an Order approving a service award of $15,000 to the Class Representative to be paid out of the non-reversionary, common settlement fund of $14,500,000.

The service award sought is warranted in light of Mr. Huckaby's time and efforts in this case, including appearing for deposition, submitting declarations in support of the class certification motion, searching for and producing personal documents, participating in mediation, and engaging in multiple telephone and video conferences with counsel about this case over the course of more than five years, including approximately four-and-one-half years of active litigation. He also took personal risks in bringing the lawsuit and fulfilled important public policies by prosecuting the case on behalf of others, rather than just himself. Moreover, Mr. Huckaby has agreed to a broader release than the Class and PAGA Release. The requested service award for Mr. Huckaby also falls within the range of service awards granted by the courts in comparable litigation.

The motion is made following the conference of counsel pursuant to Local Rule 7-3.

This motion is based on the accompanying memorandum of points and authorities; the Declaration of Keith Huckaby in Support of the Motion for Final Approval and Motion for Service Award; the declarations of Class Counsel, Shadie Berenji and Joshua Konecky; such oral argument as may be heard by the Court; and

all other papers on file in this action.

**BERENJI LAW FIRM, APC**

Dated: October 19, 2026

/s/ *Shadie L. Berenji*
SHADIE L. BERENJI
Class Counsel

**SCHNEIDER WALLACE COTTRELL KIM LLP**

Dated: October 19, 2026

/s/ *Joshua G. Konecky*
JOSHUA G. KONECKY
Class Counsel

# TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. SUMMARY OF PLAINTIFF'S WORK ON THIS CASE ........ 2

III. LEGAL STANDARD ........ 3

IV. ARGUMENT ........ 5

A. Plaintiff invested substantial time and effort for the benefit of the Class Members ........ 5

B. The Class Members received a substantial benefit from Plaintiff's service ........ 6

C. The service award is justified by the duration of the litigation ........ 6

D. Plaintiff acted in the best interests of the Class ........ 7

E. Plaintiff took a substantial risk in bringing this class action ........ 7

F. The proposed service award is a tiny fraction of the settlement amount ........ 9

G. The proposed service award promotes the public policies underlying the California Labor Code ........ 10

V. CONCLUSION ........ 10

# TABLE OF AUTHORITIES

## CASES

*Alcantar v. Hobart Serv.*,
2018 U.S. Dist. LEXIS 221900 (C.D. Cal. Aug. 13, 2018) .................... 9

*Asare v. Change Grp. N.Y., Inc.*, 2013 U.S. Dist. LEXIS 165935
(S.D.N.Y. Nov. 15, 2013) .................... 8

*Carlin v. DairyAmerica, Inc.*,
380 F.Supp.3d 998 (E.D. Cal. May 8, 2019) .................... 4

*DeWitt v. Darlington Cnty.*,
2013 U.S. Dist. LEXIS 172624 (D.S.C. Dec. 6, 2013) .................... 8

*Earley v. Superior Court*
79 Cal.App.4th 1423 (Cal. 2000) .................... 10

*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*,
2017 U.S. Dist. LEXIS 199172 (C.D. Cal. May 8, 2017) .................... 9

*Garner v. State Farm Mut. Auto. Ins. Co.*,
2010 U.S. Dist. LEXIS 49477 (N.D. Cal. Apr. 22, 2010)( .................... 4

*In re NCAA Ath. Grant-in-Aid Cap. Antitrust Litig.*,
2017 U.S. Dist. LEXIS 201108 (N.D. Cal. Dec. 6, 2017) .................... 4, 6

*In re Pep Boys Overtime Actions*,
2008 U.S. Dist. LEXIS 126648 (C.D. Cal. Nov. 12, 2008) .................... 4

*In re Toys R Us-Delaware, Inc. FACTA Litig.*,
295 F.R.D. 438 (C.D. Cal. 2014) .................... 5

*Lemus v. H & R Block Enterprises LLC*,
No. C 09-3179 SI, 2012 WL 3638550 (N.D. Cal. Aug. 22, 2012) .................... 4

*Mego Fin. Corp. Sec. Litig.*
213 F.3d 454 (9th Cir. 2000) .................... 9

*Millan v. Cascade Water Servs., Inc.*
2016 WL 3077710 (E.D. Cal. May 31, 2016 .................... 7

*Morin v. Lojack Corp.*,
2011 U.S. Dist. LEXIS 165606 (C.D. Cal. Dec. 7, 2011) .......................................4

*Murphy v. Kenneth Cole Prods. Inc.*
40 Cal. 4th 1094 (Cal. 2007) ............................................................................10

*Radcliffe v. Experian Info. Solutions, Inc.*
715 F.3d 1157 (9th Cir. 2013) ............................................................................8

*Rodriguez v. West Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009) ..............................................................................3

*Ross v. U.S. Bank Nat. Ass'n*,
No. C 07-02951 SI, 2010 WL 3833922 (N.D. Cal., Sept. 29, 2010) .......................4

*Sandoval v. Tharaldson Employee Mgt., Inc.*
2010 WL 2486346 (C.D. Cal. 2010) .....................................................................9

*Sav-On v. Superior Court*
34 Cal. 4th 319 (Cal. 2004) ...............................................................................10

*Schaffer v. Litton Loan Servicing, LP*,
No. CV 05-07673 MMM (JCx), 2012 U.S. Dist. LEXIS 189830
(C.D. Cal. Nov. 13, 2012) ...................................................................................7

*Sevilla v. Aaron's, Inc.*,
No. CV 17-4053-DMG (EX), 2020 WL 10573205 (C.D. Cal., May 15, 2020) ......4

*Spann v. J.C. Penney Corp.*,
314 F.R.D. 312 (C.D. Cal. 2016) .........................................................................8

*Staton v. Boeing Co.*
327 F.3d 938 (9th Cir. 2003) ................................................................3, 4, 5, 8

*Syed v. M-I, L.L.C.*,
No. 1:12-cv-01718-DAD, 2017 WL 3190341 (E.D. Cal. July 27, 2017) ................4

*Van Vranken v. Atl. Richfield Co.*,
901 F.Supp. 294 (N.D. Cal. 1995) .......................................................................5

*Waldbuesser v. Northrop Grumman Corp.*,
2017 U.S. Dist. LEXIS 223293 (C.D. Cal. Oct. 24, 2017) ......................................5

*Weeks v Kellogg Co.*,
2013 WL 6531177 (C.D. Cal. Nov. 23, 2013)........................................................3

*Wren v. RGIS Inventory Specialists*,
2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) ........................................................8

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Keith Huckaby requests that this Court approve a service award of $15,000 for his important and substantial contributions to the Class in both the litigation and settlement of this matter. Citing to the description of Mr. Huckaby's efforts in the Order Granting Motion for Preliminary Approval of Class Action and PAGA Settlement ("Preliminary Approval Order"), the Court previously found that this contemplated award was within the realm of potential approval. *See* Preliminary Approval Order, ECF No. 186 at 10:4-7.

Mr. Huckaby spent many hours providing information to Class Counsel during their investigation, assisting with discovery into CRST, searching for documents and records sought by CRST, providing sworn declarations, appearing for deposition, reviewing pleadings, and reviewing the ultimate settlement now being presented to the Court.[1] Mr. Huckaby also undertook personal risks by bringing this case against a former employer and demonstrated an ongoing commitment to prosecuting the case in the best interests of the Class, rather than his own personal interests. He also executed a broader release than the other Class Members and has helped to vindicate important public policies by stepping forward to be the class representative.

Mr. Huckaby agreed to the proposed settlement without any condition of receiving a service award because he was committed to bringing relief to the Class. Furthermore, the requested service award falls within the range of service awards granted by the courts.

The requested service award would be paid from the $14,500,000 Gross Settlement Amount. It represents only 0.10% of this amount and 0.18% of the

[1] Unless indicated otherwise, all capitalized terms used herein have the same meaning as those defined by the "Settlement Agreement and Release of Claims" attached to the Declaration of Shadie L. Berenji as "Exhibit A."

estimated $8,439,145 Net Settlement Amount to be distributed to the other Class Members (0.16% of the Net Settlement Amount plus the Private Attorneys General Act ("PAGA") allocation). This further underscores that the proposed award is fair and reasonable to the Class and PAGA Group Members in light of the benefits achieved for them as a result of Mr. Huckaby's time, effort, and commitment to the case.

Mr. Huckaby has submitted a declaration that attests to his efforts and goals in bringing this case and helping Class Counsel to litigate it effectively on behalf of the Class and PAGA Group Members. Mr. Huckaby put his personal interests aside and worked diligently with counsel whenever they needed him so that they could best represent the interests of the approximately 4,412 Class Members. The service award he now requests is reasonable and warranted in consideration of the significant benefit that he has conferred on the Class Members through his work with Class Counsel, his commitment to the case, the personal risks he took to serve as a class representative, and his agreement to a broader release of claims than the unnamed Class Members.

For the reasons stated herein, Mr. Huckaby respectfully requests that this Court approve the proposed service award of $15,000.

## II. SUMMARY OF PLAINTIFF'S WORK ON THIS CASE

A more detailed description of the factual, legal, and procedural background for the case can be found in Plaintiff's Motion for Final Approval of the Class and PAGA Settlement and Plaintiff's separate Motion for Attorneys' Fees and Costs, filed concurrently with this motion.

Mr. Huckaby is a California resident who worked for CRST as a truck driver from approximately April 2019 to August 2020. *See* Declaration of Keith Huckaby ("Huckaby Decl.") at ¶ 3. Since first contacting Class Counsel in May 2020, through the filing of the formal litigation in August 2021, through the discovery, depositions,

motion practice, trial preparation, and mediations that occurred through December 2025, he remained committed to pursuing not just his own wage claims, but the similar wage claims of the other CRST truck drivers. *Id.* at ¶¶ 4-5. He devoted many hours to providing information and insights to Class Counsel, searching for an array of work-related and phone records requested by CRST, reviewing draft discovery requests and motion briefs, providing sworn affidavits, and appearing for deposition. *Id.* at ¶¶ 6-18.

Mr. Huckaby also opted out of the class action and PAGA settlement in *Leuzinger, et al., v. Gardner Trucking, Inc., et al.*, Case No. 21-cv-04952-YGR ("*Leuzinger*") and assumed the risks of pursuing the claims on behalf of the truck drivers in this class action to vindicate their rights and obtain a better recovery of the unpaid wages for the Class Members. *Id.* at ¶ 14. His work and patience paid dividends for the 4,412 Class Members who are now able to recover substantial awards here.

Under the Settlement Agreement and Release of Claims ("Settlement Agreement"), Mr. Huckaby has agreed to a general release of all known and unknown claims. *See* Settlement Agreement attached to the Declaration of Shadie L. Berenji ("Berenji Decl.") as Exhibit A, § VIII.2; Huckaby Decl., ¶ 14. This stands in contrast to the narrower release for unnamed Class Members, who waive only those wage-and-hour claims that were pled or could have been pled based on the allegations in the operative complaint. *See* Berenji Decl., Ex. A., §§ VIII.1, I.37, I.38.

## III. LEGAL STANDARD

Service awards "are fairly typical in class action cases." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009); *see also Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) ("named plaintiffs … are eligible for reasonable incentive payments"). The purpose of such awards is "to compensate class representatives for work done on behalf of the class, to make up for financial or

reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez*, 563 F.3d at 958-59; *Staton*, 327 F.3d at 977; *see also Weeks v Kellogg Co.*, 2013 WL 6531177, at *34 (C.D. Cal. Nov. 23, 2013).

Numerous courts in the Ninth Circuit have approved service awards of $15,000 or more. *See, e.g.*, *Morin v. Lojack Corp.*, 2011 U.S. Dist. LEXIS 165606, at *4 (C.D. Cal. Dec. 7, 2011) (granting $20,000 service award); *In re NCAA Ath. Grant-in-Aid Cap. Antitrust Litig.*, 2017 U.S. Dist. LEXIS 201108, at *25-*26, *26 n.69 (N.D. Cal. Dec. 6, 2017) (granting each class representative a $20,000 service award); *In re Pep Boys Overtime Actions*, 2008 U.S. Dist. LEXIS 126648, at *7-8 (C.D. Cal. Nov. 12, 2008) (granting service awards of $20,000 to each of seven named plaintiffs); *Garner v. State Farm Mut. Auto. Ins. Co.*, 2010 U.S. Dist. LEXIS 49477, at *47, *47 n.8 (N.D. Cal. Apr. 22, 2010) (granting $20,000; "Numerous courts in the Ninth Circuit and elsewhere have approved incentive awards of $20,000 or more where, as here, the class representative has demonstrated a strong commitment to the class.") (collecting cases); *Ross v. U.S. Bank Nat. Ass'n*, No. C 07-02951 SI, 2010 WL 3833922, at * 4 (N.D. Cal., Sept. 29, 2010) (awarding enhancement payment of $20,000 to each of the four class representatives where total settlement fund amounted to $1,050,000); *Carlin v. DairyAmerica, Inc.*, 380 F.Supp.3d 998, 1026 (E.D. Cal. May 8, 2019) (awarding enhancement payment of $45,000 to each of the four class representatives); *Syed v. M-I, L.L.C.,* No. 1:12-cv-01718-DAD, 2017 WL 3190341 at *9 (E.D. Cal. July 27, 2017) (awarding enhancement payments of $15,000 and $20,000 to the two class representatives); *Sevilla v. Aaron's, Inc.*, No. CV 17-4053-DMG (EX), 2020 WL 10573205 at *2 (C.D. Cal., May 15, 2020) (approving $15,000 service award); *Lemus v. H & R Block Enterprises LLC*, No. C 09-3179 SI, 2012 WL 3638550, at *5-6 (N.D. Cal. Aug. 22, 2012) (approving $15,000 service award).

Courts consider the following factors when evaluating the appropriateness of

a service award: (1) the amount of time and effort spent by the class representative on the litigation; (2) the degree to which the class representative's efforts benefitted the class; (3) the personal difficulties encountered by the class representative; (4) the duration of the litigation; (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation; and (6) the risk to the class representative in commencing suit, both financial and otherwise. *See Staton*, 327 F.3d at 977; *In re Toys R Us-Delaware, Inc. FACTA Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014); *Van Vranken v. Atl. Richfield Co.*, 901 F.Supp. 294, 299 (N.D. Cal. 1995). As discussed below, application of these factors demonstrates that the service award requested for Mr. Huckaby is warranted here.

## IV. ARGUMENT

### A. Plaintiff invested substantial time and effort for the benefit of the Class Members

"An incentive award is appropriate where the 'class representatives remained fully involved and expended considerable time and energy during the course of the litigation.'" *Waldbuesser v. Northrop Grumman Corp.*, 2017 U.S. Dist. LEXIS 223293, at *21 (C.D. Cal. Oct. 24, 2017) (citation omitted).

Here, Mr. Huckaby devoted many hours to assisting Class Counsel and advancing the interests of the Class since first bringing this matter to their attention in May 2020. *See* Huckaby Decl., ¶ 17. He provided important information to counsel, searched for documents and records, provided sworn affidavits, reviewed draft discovery and briefs, sat for deposition, and consulted with Class Counsel during the mediations and trial preparation. *Id.* at ¶¶ 4-13; Berenji Decl., ¶ 51.

Mr. Huckaby's dedication and involvement have been essential to this case. There would be no case, no settlement, and no class recovery without his contributions and service.

### B. The Class Members received a substantial benefit from Plaintiff's service

In addition to weighing the amount of time and effort expended by the named plaintiffs, courts also consider the degree to which their efforts benefitted the class. *Staton*, 327 F.3d at 977 (internal citation omitted).

Here, Mr. Huckaby's numerous contributions to this litigation will significantly benefit the Class. First, the case would not have been filed but for Mr. Huckaby's time and effort in bringing the class complaints to the attention of Class Counsel. Second, Mr. Huckaby put his personal interests aside and committed himself to representing the interests of the Class as a whole. *See* Huckaby Final Approval Decl., ¶ 4, Berenji Decl., ¶ 50. Third, the Class and PAGA Members stand to receive a substantial benefit from Plaintiff's efforts. Indeed, the Settlement Class Members are estimated to receive an average settlement share of approximately $1,912.77 per Class Member, not including the additional PAGA Payments to the Class Members who also are PAGA Group Members. *See* Declaration of Lindsey Marquez of Kroll Settlement Administration at ¶¶ 17-18. Additionally, the highest settlement payment is $26,438.50 and more than seventy-four (74) Class Members will recover settlement payments that exceed $15,000. *Id.* at ¶ 18. As discussed in Plaintiff's Motion for Final Approval, these recoveries are excellent and superior to comparable wage and hour cases. The substantial benefit Mr. Huckaby's time, effort, and commitment have secured for the Class weighs in favor of granting the requested service award.

### C. The service award is justified by the duration of the litigation

Perseverance in pursuing litigation on behalf of a class over several years of litigation weighs in favor of granting a service award. *See, e.g.*, *In re NCAA Ath. Grant-in-Aid Cap. Antitrust Litig.*, 2017 U.S. Dist. LEXIS 201108, at *10-11, *26 (granting each class representative a $20,000 service award where investigation and litigation lasted "more than three years" and "the class representatives spent a

significant amount of time assisting in the litigation of th[e] case, preparing for and having their depositions taken, in searching for and producing documents . . . and in conferring with counsel throughout the litigation"). Indeed, courts have granted awards of $15,000 and more, even in cases that have been pending for far less time than this case has. *See, e.g.*, *Morin*, 2011 U.S. Dist. LEXIS 165606, at *1, *4 ($20,000; case pending about 1.5 years); *Garner*, 2010 U.S. Dist. LEXIS 49477, at *3, *47 ($20,000; case pending for approximately two years).

Here, Mr. Huckaby has worked with Class Counsel for the benefit of the Class since May 2020, including approximately four-and-one-half years of active litigation from August 2021 to December 2025. Mr. Huckaby provided important information to counsel during multiple telephone and video conferences, searched for documents and personal records, provided sworn affidavits, reviewed draft discovery and briefs, sat for deposition, and consulted with Class Counsel during the mediations and trial preparation. *See* Huckaby Decl., ¶¶ 4-14. The duration factor also weighs in favor of the requested service award.

**D. Plaintiff acted in the best interests of the Class**

In stepping forward to represent the class, Mr. Huckaby put his individual concerns aside and acted in the best interests of the class. *See* Huckaby Decl., ¶¶ 4-5. Moreover, when Mr. Huckaby accepted the proposed settlement on behalf of the Class, he did so without any condition that he would receive a service award. *Id.* at ¶ 14. His support for the proposed settlement is in no way conditioned upon the promise of a service award. *Id*.

Additionally, Mr. Huckaby has agreed to a broader release that encompasses all known and unknown claims he may have against Defendants, not just the specific wage and hour claims more narrowly released by the other Class Members. *Id.*

**E. Plaintiff took a substantial risk in bringing this class action**

Another factor supporting the award of service payment is whether the class representative's service resulted in personal difficulties and/or whether they

undertook significant risks to serve as class representatives. *See, e.g.*, *Schaffer v. Litton Loan Servicing, LP*, 2012 U.S. Dist. LEXIS 189830, at *59 (C.D. Cal. Nov. 13, 2012); *Millan v. Cascade Water Servs., Inc.* 2016 WL 3077710, at *12 (E.D. Cal. May 31, 2016) (reasoning that service awards "are particularly appropriate in wage-and-hour actions where plaintiffs undertake a significant 'reputational risk' by bringing suit against their present or former employers") (citation omitted). "When a class representative shoulders some degree of personal risk in joining the litigation, such as workplace retaliation or financial liability, an incentive award is especially important." *In re Toys R Us,* 295 F.R.D. at 470. Examples of risks to the plaintiff in commencing the litigation "includ[e] reasonable fears of workplace retaliation, personal difficulties, and financial risks." *Wren v. RGIS Inventory Specialists*, 2011 WL 1230826, at *32 (N.D. Cal. Apr. 1, 2011) (collecting cases).

Further, it is well-established that plaintiffs in the employment context "face[] the risk that new employers would learn that they were class representatives in a lawsuit against their former employer and take adverse action against them. Moreover, each time they change jobs, they will risk retaliation in the hiring process." *Asare v. Change Grp. N.Y., Inc.*, 2013 U.S. Dist. LEXIS 165935, at *40 (S.D.N.Y. Nov. 15, 2013); *DeWitt v. Darlington Cnty.,* 2013 U.S. Dist. LEXIS 172624, at *38 (D.S.C. Dec. 6, 2013) (noting that incentive payments are especially warranted "where the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers") (internal markings and citation omitted).

Here, Mr. Huckaby risked his reputation in the community and with future employment opportunities as a result of stepping forward publicly as the named representative in a class action. Further, he bore the risk that he might have to pay defense costs if he lost the case.

### F. The proposed service award is a tiny fraction of the settlement amount

In evaluating proposed service awards, courts compare the overall settlement benefits and the range of recovery available to the class members to the representative plaintiffs' proposed service awards. *See, e.g., Staton*, 327 F.3d at 976-77; *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 328 (C.D. Cal. 2016). The purpose of the inquiry is to ensure that the service awards have not compromised the ability of the representative plaintiff to act in the best interest of the class. *Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013) (courts must scrutinize "the awards so that they do not undermine the adequacy of the class representatives"). Courts view more favorably those service awards which constitute "only a tiny fraction" of the total settlement amount. *See, e.g.*, *Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 457-63 (9th Cir. 2000) (approving combined service awards constituting 0.57% of the $1.725 million settlement); *Sandoval v. Tharaldson Employee Mgt., Inc.*, 2010 WL 2486346, at *10 (C.D. Cal. June 15, 2010) (approving service award of $7,500 where average class member received $749.60, but service award was 1% of gross settlement).

Here, the proposed service award is quite modest in comparison to the overall benefits of the settlement and recovery to the class. The proposed service award of $15,000 to Mr. Huckaby represents only approximately 0.1% of the Gross Settlement Amount of $14,500,000, 0.18% of the estimated $8,439,145 Net Settlement Amount to be distributed to the Class, and 0.16% of the Net Settlement Amount plus the $725,000 PAGA allocation. *See, e.g.*, *Alcantar v. Hobart Serv.*, 2018 U.S. Dist. LEXIS 221900, at *27-29 (C.D. Cal. Aug. 13, 2018) (granting a $25,000 service award, which "represent[ed] just 0.6 percent of the total Settlement"); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2017 U.S. Dist. LEXIS 199172, at *31 (C.D. Cal. May 8, 2017) (granting $25,000 each to two class representatives because, among other reasons, the total constituted only 0.2% of the settlement); *Watson v. Tennant Co.*,

2020 U.S. Dist. LEXIS 166823, at *12, 19 (E.D. Cal. Sep. 10, 2020) (approving service award of $25,000 to named plaintiff where average recovery per class member was estimated to be $8,830.14 and noting that "[t]his service award is less than three times the average award to individual class members, which is low relative to similar settlements").

### G. The proposed service award promotes the public policies underlying the California Labor Code

Approving the requested service award will promote important public policies underlying Mr. Huckaby's minimum wage claims. Mr. Huckaby brought his claims under the California Labor Code, a remedial statute reflecting a strong remedial scheme and public policy of robust employee rights. *Murphy v. Kenneth Cole Prods. Inc.*, 40 Cal. 4th 1094, 1103 (2007). Furthermore, the State's strong public policy in favor of strict enforcement of minimum wage laws is well-established and fundamental to the Labor Code's protective purpose. *See Sav-On v. Superior Ct.*, 34 Cal. 4th 319, 340 (2004) (citing *Earley v. Superior Ct.,* 79 Cal.App.4th 1423, 1429-30 (2000)) (confirming "a clear public policy . . . that is specifically directed at the enforcement of California's minimum wage and overtime laws for the benefit of workers.").

Here, Mr. Huckaby's efforts and service helped to vindicate the important public policies underlying the State's minimum wage laws. Accordingly, this factor also weighs heavily in favor of the requested service award.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court approve a service award of $15,000 for the Class Representative, Keith Huckaby, for his time, effort, and service to the case.

**BERENJI LAW FIRM, APC**

Dated: October 19, 2026

/s/ *Shadie L. Berenji*
SHADIE L. BERENJI
Class Counsel

**SCHNEIDER WALLACE COTTRELL KIM LLP**

Dated: October 19, 2026

/s/ *Joshua G. Konecky*
JOSHUA G. KONECKY
Class Counsel

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff and the Class, certifies that this brief contains 3,159 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 19, 2026

*/s/ Shadie L. Berenji*
Shadie L. Berenji
**BERENJI LAW FIRM, APC**

# CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2026, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Joshua G. Konecky*
Joshua G. Konecky