Robert Montes, Jr., CA Bar No. 159137
RAFII & ASSOCIATES, P.C.
9100 Wilshire Blvd., Suite 465E
Beverly Hills, California 90212
Telephone: 310.777.7877
Facsimile: 310.777.7855
Email: robert@rafiilaw.com

*Attorneys for Class Members Scott Schell And Brogan Hardison (Limited Appearance)*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

KEITH HUCKABY, on behalf of himself and others similarly situated,

Plaintiff,

v.

CRST EXPEDITED, INC. and CRST INTERNATIONAL, INC.,

Defendants.

Case No.: 2:21-cv-07766-ODW-PD

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR LEAVE TO FILE LATE REQUESTS FOR EXCLUSION FROM CLASS ACTION SETTLEMENT BY CLASS MEMBERS SCOTT SCHELL AND BROGAN HARDISON**

Assigned to Hon. Otis D. Wright II

## I. INTRODUCTION

This Memorandum of Points and Authorities was inadvertently omitted from Movants Scott Schell and Brogan Hardison's Ex Parte Application for Leave to File Late Requests for Exclusion from the Class Action Settlement. ECF No. 193. On November 10, 2026 in a text order at ECF No. 194 this Court required the Memorandum to be filed by noon, November 11, 2026.

Class Members Scott Schell and Brogan Hardison seek leave to file late Requests for Exclusion from the Settlement Class. Each has sworn that he never received the Court-approved Postcard Class Notice and first learned of this action and the proposed settlement only after the October 5, 2026 exclusion deadline, when contacted by his counsel in a related action. Because



RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

the Final Approval Hearing is set for November 16, 2026, a regularly noticed motion cannot be heard in time, and ex parte relief is necessary to preserve the Class Members' right to opt out. Their failure to opt out by the deadline was the result of excusable neglect, and the Court should grant them leave to submit late Requests for Exclusion.

## II. STATEMENT OF FACTS

CRST contends that Mr. Schell and Mr. Hardison are members of the Settlement Class. Both are also opt-in plaintiffs in Cheatham v. CRST International Holdings, LLC, No. 1:24-cv-00109-CJW (N.D. Iowa). Neither received the Postcard Class Notice: the Settlement Administrator mailed notice to prior addresses, and in Mr. Hardison's case an initial mailing was returned undeliverable before a re-mailing to an address he had already left. Neither learned of the Settlement until after the October 5, 2026 exclusion deadline, when the undersigned firm contacted them in connection with the Cheatham action. Upon learning of the Settlement, the Class Members acted promptly, retaining counsel to seek their exclusion and bringing this Application before the November 16, 2026 Final Approval Hearing. These facts are established by the concurrently filed declarations of Mr. Schell, Mr. Hardison, and Robert Montes, Jr. appended to the Ex Parte Application filed in this matter (ECF No. 193). This Memorandum of Points and Authorities were inadvertently omitted from ECF No. 193. On November 10, 2026, in a text order at ECF No. 194 the Court required this Memorandum to be filed by noon November 11, 2026.

## III. ARGUMENT

### A. Ex Parte Relief Is Necessary Because the Class Members Cannot Obtain Relief in Time Through a Regularly Noticed Motion.

An applicant for ex parte relief must show (1) that its cause will be irreparably prejudiced if the underlying request is heard through the regular noticed-motion procedure, and (2) that it is without fault in creating the crisis requiring *ex parte* relief, or that the crisis resulted from excusable neglect. *Mission Power Eng'g Co. v. Cont'l Cas. Co*., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Both requirements are met.

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

First, Mr. Hardison and Mr. Schell will be irreparably prejudiced absent *ex parte* relief. The Final Approval Hearing is set for November 16, 2026. A motion noticed in the ordinary course under Local Rule 6-1 could not be heard until after that date, by which time the Court may grant final approval and bind the Class Members to the Settlement and its release of claims — extinguishing their right to opt out and to pursue their individual claims against Defendants, including in the *Cheatham* action, where they have filed their Consents to Sue. That loss cannot be repaired through the regular motion calendar.

Second, the Class Members are without fault in creating the exigency. They did not receive the class notice and first learned of the Settlement only after the exclusion deadline had passed; they then acted diligently. The compressed timeline is a product of their non-receipt of notice, not any lack of diligence, and at a minimum reflects excusable neglect. *See Mission Power*, 883 F. Supp. at 492. Consistent with *Mission Power* and Local Rule 7-20, the ultimate relief is presented in a separately lodged [Proposed] Order. Id.

**B. The Class Members' Failure to Submit Timely Requests for Exclusion Was the Result of Excusable Neglect.**

A court may permit an act after an expired deadline "where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); see also Fed. R. Civ. P. 60(b)(1). A district court has discretion to allow a class member to opt out of a Rule 23(b)(3) settlement after the deadline on a showing of excusable neglect. *Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994). Whether neglect is excusable is an equitable determination considering all relevant circumstances, including the danger of prejudice to the opposing party, the length of the delay and its potential impact on the proceedings, the reason for the delay and whether it was within the movant's reasonable control, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

In the specific context of a tardy opt-out from a class settlement, the Ninth Circuit applies the *Silber* factors: the degree of compliance with the best practicable notice procedures; when

notice was actually received and, if not timely received, why not; what caused the delay and whose responsibility it was; how quickly the belated opt-out request was made; how many class members wish to opt out; and whether allowing a belated opt-out would affect the settlement or the finality of the judgment. *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 895 F.3d 597, 618 (9th Cir. 2018). Of these, the two "most relevant" are "whether [the class member] received notice[] and who was responsible for the delay." *Id.* at 618–19.

Both decisive factors favor the Class Members. They did not receive the Postcard Class Notice, and the delay is attributable to that non-receipt rather than to any neglect of their own. That is the opposite of the circumstance that defeated the late opt-out in *Volkswagen*, where the class member "had actual and timely notice of the proper method of excluding herself" and "was therefore herself squarely responsible for the failure to opt out on time." *Id.* at 619. The remaining factors reinforce the result: the Class Members acted promptly once they learned of the Settlement; only two individuals seek exclusion; and removing two members from a class of thousands will not disrupt administration of the Settlement or impair the finality of any judgment. The Settlement Administrator has confirmed that no timely objections or opt-outs were received, so no reliance interest is upset by allowing these two exclusions. On these facts, the failure to opt out was the result of excusable neglect, and leave should be granted. *Pioneer*, 507 U.S. at 395; *Silber*, 18 F.3d at 1455.

/ / /

/ / /

/ / /

/ / /



RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

## IV. CONCLUSION

For the foregoing reasons, the Class Members respectfully request that the Court grant the *Ex Parte* Application, find that their failure to submit timely Requests for Exclusion was the result of excusable neglect, and permit Scott Schell and Brogan Hardison to submit Requests for Exclusion from the Settlement Class within two (2) days of the Court's order, deemed timely and valid, such that they are excluded from the Settlement Class and the release of Released Claims and retain their individual claims against Defendants.

Dated: November 04, 2026

**RAFII & ASSOCIATES, P.C.**

By: /s/ Robert Montes, Jr.
Robert Montes, Jr.
*Attorneys for Class Members Scott Schell and Brogan Hardison (Limited Appearance)*

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS